# PATTERSON *v.* BARRIE.*

AFFIDAVITS OF DEFENSE; CONTRACTS; SALES; RATIFICATION; STATUTE OF LIMITATIONS; FRAUD; OPINIONS.

1. It is no defense to an action by the seller on a contract of sale, signed by the purchaser, that the agent of the seller exceeded his authority in changing the terms of payment, so that the seller would not have been bound if he had refused to accept the contract and deliver the goods, where the goods were actually delivered to and accepted by the purchaser, as the purchaser has no cause to complain of the act of the seller in ratifying the act of their agent and accepting the contract on the purchaser's own terms.

2. Where a written contract of sale provides that the purchase price is to be paid at any time within two years, "in amounts and at such times as may suit the convenience" of the purchaser, the statute of limitations does not begin to run until after the expiration of three years from the expiration of such period of two years.

3. If the facts stated in an affidavit of defense—which should receive a fair and liberal construction—will, by such a construction, constitute a defense to the action within the scope of the defensive pleas, it is the right of the defendant to have a trial by jury; and all that is required is that the facts alleged shall be sufficient to indicate a substantial legal defense made in good faith. (Following *Dobbins* v. *Thomas*, 26 App. D. C. 157.)

4. An affidavit of defense in an action to recover the purchase price of books is insufficient which states that the books were not suitable for the purposes for which they were purchased, but does not state what such purposes were; that they were of far less value than the sum fixed in the contract of sale, and that, on account of the extortionate

---

*\*Fraud—Opinions.*—The authorities relating to expression of opinion as fraud are gathered in a note to *Hedin* v. *Minneapolis Medical & Surgical Ins.*, 35 L.R.A. 417.

On the question of the right to rely upon representations made to effect contract as a basis for a charge of fraud, see note to *Fargo Gaslight & Coke Co.* v. *Fargo Gas & E. Co.* 37 L.R.A. 593.

532          PATTERSON *v.* BARRIE.

and unreasonable price so fixed, the plaintiff agreed that they were only to be paid for at any time within two years, in amounts and at times to suit the purchasers' convenience.    (Citing *Brown v. Ohio Nat Bank,* 18 App. D. C. 598.)

5. False representations by the agent of a seller of books to an intending purchaser, that they are of the value of the price asked, is an expression of opinion, which, by itself, is not sufficient to constitute such a fraud as will enable the purchaser to avoid the sale.    (Following *Consumers' Brewing Co.* v. *Tobin,* 19 App. D. C. 353.)

No. 1797.   Submitted February 11, 1908.   Decided March 3, 1908.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, for want of a sufficient affidavit of defense, in an action to recover the purchase price of books.                               *Affirmed.*

The COURT in the opinion stated the facts as follows:

This action was begun by the appellees, George Barrie & Sons, to recover the sum of $1,540 for seventy-seven volumes of books sold to the appellant, Charles G. Patterson, at the price of $20 per volume.

The declaration was supported by an affidavit sufficient in form and substance to warrant a summary judgment under the 73d rule of the supreme court of the District of Columbia. There were attached to the affidavit and made parts of the same the following conditions of subscription and acceptance thereof signed by the defendant, Patterson:

Edition Definitive.
Balzac's Novels:   The Comedie Humaine.
Conditions of Subscription.

The Edition Definitive, on Imperial Japan Vellum Paper, of the "Comedie Humaine," by Honore de Balzac, will contain about three hundred and fifty etchings after designs by G. Bussiere, G. Cain, Dubouchet pere, L. E. Fournier, A. Lynch, A. Roubadi, M. Vidal.

The work will be issued in Fifty-three volumes, bound in shot-silk cloth, at $10.00 each. Only one thousand complete copies on Japan paper will be sold. The Edition will contain the etchings in two states, *viz.,* one with remarque, and one after remarque. The price for unsold copies is, without notice, subject to advance. The subscription is for one copy as issued, and no other conditions or representations than those herewith printed will be binding upon the Subscribers or Publishers.

To George Barrie & Son, Publishers:

On above-named conditions, I subscribe for, and you agree to deliver to me, one copy of Balzac's Comedie Humaine, Printed on Imperial Japan Vellum Paper, crown 8 Vo., in Fifty-three Volumes, for which I will pay $10.00 each, and $10 per volume for full Levant binding. To be paid for any time within two years, in amounts and at such times as may suit my convenience.

C. G. Patterson,

The Dupont, 1717 20th St., N. W.,

Washington, D. C.

Date Oct. 28th, 1903.

Historical Memoirs;

Or, the Secret History of the Courts of Europe

From the XVI to the XX Century

Complete and Unabridged, in Twenty-four Volumes

Bound in Antique Linen

Illustrated with about 150 Photogravures, after Nature,

Designs, Paintings, and Portraits.

Messrs. George Barrie & Son, Philadelphia:

I hereby subscribe for a complete set, in twenty-four volumes, Japan Vellum Edition, of Historical Memoirs, to be delivered 24 volumes at once, for which I agree to pay $10 per volume. The publishers guarantee that there will be only one thousand copies of this edition printed on Japan Vellum Paper, and that the work as delivered will be equal in all respects to the sample

shown by the solicitor, and $10 per volume for full Levant Binding: To be paid for any time within two years, in amounts, and at such times, as may suit my convenience.

C. G. Patterson,
The Dupont, 1717 20th St. N. W.,
Washington, D. C.

Oct. 28, 1903.

The defendant entered pleas of *non assumpsit;* the statute of limitations; that conditions had been added to the printed form of conditions, changing terms of payment from delivery to such times and in such amounts within two years as might best suit the subscriber's convenience, in violation of the printed conditions that no other conditions than those printed will be binding upon the subscriber or publishers.

The affidavit in reply to that of the plaintiff set out the facts of the subscription, and as to the fifty-three volumes of the Comedie Humaine stated that no sample copy bound in full Levant was shown to defendant. It then proceeds to say: "That on account of the extortionate and unreasonable price at which said volumes were offered, the said plaintiffs by their agent as aforesaid agreed by a special provision inserted in the said contract that said fifty-three volumes were only 'to be paid for at any time within two years, in amounts and at times to suit deponent's convenience.' And also that the following provision in said contract, to wit, 'and $10 per volume for full Levant,' as well as the provision in regard to payment aforesaid, were inserted in ink in the printed form, which said form contained the following provision: 'No other conditions or representations than those herewith printed will be binding upon the subscriber or publishers.'" That this last provision was not erased when the other provision was written in the contract, for which reason the promise to pay $10 per volume for full Levant binding is void and of no effect. The statement supporting the plea of limitations is that, as this contract was made October 28, 1904, and the provision as to payment within two years is not of binding obligation, the action begun February

7, 1907, was barred by the lapse of three years from the date of the contract. It was further stated: "That the consideration for said agreement signed by the deponent as aforesaid was certain fifty-three volumes in full Levant binding as aforesaid, which were represented and warranted to this deponent by the said plaintiffs to be of the highest and best quality, and suitable for the uses and purposes of this deponent, and said volumes were purchased by the deponent in reliance upon said representations." "That deponent was wholly misinformed and misled by the plaintiffs through their agent as to the true worth and value of said books and of said Levant binding, and by the wrongful statements and representations of said agent was induced to sign said agreement for the payment of a sum largely in excess of the true value of said volumes, when said volumes were in truth and fact well known to the plaintiffs and their agent to be worth far less than the sum fixed by said agreement, and not suitable for the purposes for which they were purchased by the said deponent. This the deponent expects to prove at the trial." Substantially the same statements were made regarding the twenty-four volumes of the "Historical Memoirs, or Secret History of the Courts of Europe." It was not denied that the books had been delivered to and received by him as alleged by plaintiffs on December 9, 1903. This defense is not made in any of the pleas. The court, holding defendant's affidavit insufficient, entered judgment for the plaintiffs, on their motion, for the sum claimed, namely, $1,540.

*Mr. John J. Hemphill* and *Mr. E. Reeves Braddock* for the appellant.

*Mr. J. Miller Kenyon* and *Mr. Charles Cowles Tucker* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The defense founded on the additions made in writing to the printed contract, before execution, is without foundation.

Grant that the agent of the plaintiffs exceeded his authority in changing the terms of payment, and that they would not have been bound thereby had they refused to accept the subscription and to deliver the books, nevertheless they have the power to ratify the act of their agent by accepting the subscription with the additional terms, which they did. Defendant had no right to complain that they accepted the subscription on his own terms. This necessarily determines the insufficiency of the plea of limitations as a defense, because the action was begun less than three years after the expiration of the two years within which the defendant had the right to make the payment. He was not in default until the expiration of that period.

The correctness of the judgment depends upon the last ground of defense, namely, the misrepresentation of the values of the books as stated in the supporting affidavit. It is quite true that an affidavit of defense must be accorded a fair and liberal interpretation. If the facts stated will, by any fair and reasonable construction, constitute a defense to the action within the scope of the defensive pleas, it is the right of the defendant to have the case tried by the jury. All that is required is that the facts alleged shall be sufficient to indicate a substantial legal defense made in good faith. *Dobbins* v. *Thomas,* 26 App. D. C. 157, 160, and cases there cited.

Tested by this principle, we are constrained to hold the affidavit defective. There is no plea, and no statement in the affidavit that the execution of the contract was obtained through the misrepresentation of the agent who procured it. It is not denied that the books were received, accepted, and retained without offer to return after opportunity for examination; nor is it denied that they responded to the description contained in the contract. It is not averred that any other representations were made as to the contents or illustrations, or as to the character of the materials or binding, that were untrue. The substantial statement is that the books were not suitable for the purposes for which they were purchased. What these purposes were, if made known, or agreed to by the agent, is not stated. The

statement that the books were of far less value than the sum fixed in the contract is not a sufficient defense on the ground of failure of consideration. *Brown* v. *Ohio Nat. Bank,* 18 App. D. C. 598, 609. Moreover, the affidavit itself states: "That on account of the extortionate and unreasonable price at which said volumes were offered, the said plaintiffs, by their agents as aforesaid, agreed by a special provision inserted in said contract that said fifty-three volumes were only to be paid for at any time within two years, in amounts and at times to suit deponent's convenience."

That the agent may have represented the books to be of the actual value of the price of sale is one of those expressions of opinion common on the part of the seller, that, by itself, is not sufficient to constitute such a fraud as would violate a contract of sale. *Consumers' Brewing Co.* v. *Tobin,* 19 App. D. C. 353, 358.

It is quite probable that the defendant was persuaded into making an improvident purchase of books for which he subsequently discovered that he had no real use; but that is not sufficient, in the absence of the allegation of actual misrepresentations relating to the contents, illustrations, or the character of the materials, typography, or binding of the books that formed material parts of the inducement to make the contract, to warrant his refusal to perform.

We perceive no error in the action of the court in rendering judgment upon the pleadings and supporting affidavits, and it will therefore be affirmed, with costs                    *Affirmed.*